IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN CUNAGIN SYPHER,   )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES OF AMERICA   )<br>   )<br>   Respondents.   )  | Civil Action No. 2:13cv298-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed by Karen Cunagin Sypher ("Sypher"). Doc. No. 1. Sypher is an inmate at the Federal Correctional Institution in Aliceville, Alabama, serving a sentence imposed by the United States District Court for the Western District of Kentucky on February 23, 2011. Sypher was sentenced to a total of 87 months' incarceration after a jury found her guilty of extortion, in violation of 18 U.S.C. §§ 875(d) & 876(d), lying to federal investigators, in violation of 18 U.S.C. § 1001, and retaliating against a witness, in violation of 18 U.S.C. § 1513(e). She appealed her convictions and sentence to the United States Court of Appeals for the Sixth Circuit, which affirmed the judgment of the district court on July 5, 2012. *United States v. Sypher*, 684 F.3d 622 (6th Cir. 2012). The United States Supreme Court denied Sypher's petition for a writ of certiorari on March 25, 2013. *Sypher v. United States*, 133 S.Ct. 1650 (2013) (No. 12-8861). In connection with her § 2255 motion, Sypher has filed a motion requesting a 45-day extension of time to prepare a brief

in support of her § 2255 motion. Doc. No. 2.

## DISCUSSION

Motions made pursuant to 28 U.S.C. § 2255 must be filed in the court imposing sentence. Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. This court therefore lacks jurisdiction to hear Sypher's § 2255 motion.

Instead of dismissing a § 2255 motion filed in the wrong district, a district court lacking jurisdiction over a case is allowed to transfer the case to the proper district "if it is in the interest of justice" to do so. 28 U.S.C. § 1631. From a review of the public records available through the federal court's PACER system, it does not appear that Sypher has previously filed a § 2255 motion with the District Court for the Western District of Kentucky challenging her convictions and sentence. Considering the procedural history of Sypher's case and the date on which the Supreme Court denied certiorari review, it also does not appear that the one-year limitation period for filing a timely § 2255 motion has run on Sypher. Under the circumstances, and consistent with the provisions of 28 U.S.C. § 1631, the court finds that it is in the interest of justice that this action be transferred to the District Court for the Western District of Kentucky for hearing and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Western District of Kentucky pursuant to the provisions of 28 U.S.C. § 1631.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 11, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE